**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-02121-REB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JEFFORY D. SHIELDS (a/k/a Jeffrey D. Shields) and
GEODYNAMICS, INC. (f/k/a or d/b/a Geodynamics Exploration, Inc.),

    Defendants,

and

GEODYNAMICS, INC. JOHNSTON'S CORNER #1 and #2 JOINT VENTURE,
GEODYNAMICS, INC. HUSKIE #1 JOINT VENTURE,
GEODYNAMICS, EXPLORATION, INC. TRUMPETER #1 and #2 JOINT VENTURE,
GEODYNAMICS, INC. EVDA #1 JOINT VENTURE,
FLORIBAMA OIL CORPORATION,
CARBOTEC, INC.,
TRITON ENERGY ASSET MANAGEMENT, INC. (d/b/a Triton Energy Asset
    Management, LLC),
GEODYNAMICS PROPERTY MANAGEMENT, LLC,
T.E.A.M. PROPERTY MANAGEMENT, LLC (d/b/a T.E.A.M. Property Management),
S&P ENERGY, LLC,
AURUM ENERGY ASSOCIATES, LLC, and
UNUM, LLC,

    Relief Defendants.

**ORDER RE: MOTION FOR TEMPORARY RESTRAINING ORDER**

**Blackburn, J.**

    The matter before me **Plaintiff Securities and Exchange Commission's**

**Motion for Temporary Restraining Order and Other Emergency Relief** [#2][1] filed August 15, 2011. I heard the motion on August 24, 2011. I have jurisdiction over this case, in part, under 15 U.S.C. §§ 77v(a), 78u(d), 78u(e), and 78aa (violations of the Securities Act of 1933). Venue is proper pursuant to 15 U.S.C. §§ 77v(a) & 78aa and 28 U.S.C. § 1391(b)(1) & (2). I deny the motion in substantive part, but grant the Securities and Exchange Commission's ("SEC") request for document preservation during the pendency of the litigation.

"Unlike private actions, which are rooted wholly in the equity jurisdiction of the federal court, SEC suits for injunctions are creatures of statute. Proof of irreparable injury or the inadequacy of other remedies as in the usual suit for injunction is not required." **SEC v. Management Dynamics, Inc.**, 515 F.2d 801, 808 (2nd Cir. 1975) (citation and internal quotation marks and alterations omitted). Thus, if the SEC makes a *prima facie* showing that the defendants have violated the federal securities laws and are likely to do so again in the future, "it is of no moment that [it] has failed to show threatened irreparable injury or the like, for it would be enough if the statutory conditions for injunctive relief were made to appear." **Id.** (citation and internal quotation marks omitted). **See also SEC v. Unifund SAL**, 910 F.2d 1028, 1036-37 (2nd Cir. 1990). Accordingly, the SEC is entitled to injunctive relief if it establishes a *prima facie* case that a violation of the securities laws has occurred and that there is a likelihood of future violations. **See SEC v. Cavanagh**, 155 F.3d 129, 135 (2nd Cir. 1998); **Management**

---

[1] "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

***Dynamics, Inc.***, 515 F.2d at 808-09. ***See also SEC v. Pros International, Inc.***, 994 F.2d 767, 769 (10th Cir. 1993).[2]

The parties submitted briefs on the issues relevant to the SEC's application for a temporary restraining order, and I have read and considered carefully the parties' arguments and authorities. I also credited all parties with the documentary evidence, including the affidavits, declarations, and exhibits submitted with their briefs, and have considered that evidence in reaching my findings and conclusions.[3] In addition, Defendant Geodynamics, Inc. called one of the joint venture's partners, Glenn Carroll, to testify at the hearing on August 24, 2011.

In assessing the credibility of all witnesses, both those who testified by affidavit, declaration, and/or deposition and those who testified in person at the hearing, I considered all facts and circumstances shown by the evidence that affect the credibility of the witness, including the following factors: the witness's means of knowledge, ability to observe, and strength of memory; the manner in which the witness might be affected by the outcome of the litigation; the relationship the witness had to either side in the case; and the extent to which the witness was either supported or contradicted by other witnesses or evidence presented. I found Mr. Carroll to be a particularly cogent,

---

[2] Defendant Shields cites me to my own decision in ***In re Qwest Communications International, Inc. Securities Litigation***, 241 F.Supp.2d 1119, 1122 (D. Colo. 2002), in which I applied the traditional quadripartite test for preliminary injunctive relief. The difference there, of course, is that the plaintiffs were private litigants seeking to vindicate their own individual rights under the securities law, not the SEC acting in its regulatory role to enforce these same statutes.

[3] On the morning of the hearing, defendant Geodynamics, Inc., filed its **Motion To Strike Declaration of John C. Martin and To Preclude His Testimony** [#20], filed August 24, 2011. Based on the oral response of the SEC during the hearing, I considered Mr. Martin's testimony and will deny the motion to strike.

credible, and persuasive witness in support of defendants' opposition to the motion.

I considered also the legal principles enunciated in the caselaw cited by the parties, including but not limited to the decisions in **SEC v. W.J. Howey Co.**, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed.2d 1244 (1946); **United Housing Foundation, Inc. v. Forman**, 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975); **Banghart v. Hollywood General Partnership**, 902 F.2d 805 (10th Cir. 1990); and **Williamson v. Tucker**, 645 F.2d 404 (5th Cir.), *cert. denied*, 102 S.Ct. 396 (1981), and their progeny. More particularly, I considered the elements of the tripartite test distilled from **W.J. Howey**, 66 S.Ct. at 1104, for determining whether a particular investment is an "investment contract" and, thus, a security within the scope of the Securities Act and the Exchange Act, that is, "(1) an investment, (2) in a common enterprise, (3) with a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others." **Banghart**, 902 F.2d at 807. As did the parties in their briefs and at the hearing, I focused particularly on the third element of this test in reaching my conclusions and considered carefully the decisions that have considered the circumstances under which an investor had "a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others."

Based on the evidence presented and in consideration of the legal precepts governing my resolution of the issues before me, I find and conclude that the SEC has failed to establish a *prima facie* case that a violation of the federal securities laws has occurred in connection with defendants' allegedly fraudulent activities. Thus, no temporary restraining order will issue. Nevertheless, in an exercise of my inherent and

discretionary authority, I will require the defendants to preserve documents pursuant to the following orders.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff Securities and Exchange Commission's Motion for Temporary Restraining Order and Other Emergency Relief** [#2] filed August 15, 2011, is **DENIED IN PART** as set forth in the following orders;

2. That the SEC's motion for a temporary restraining order is **DENIED**

3. That the SEC's request for an asset freeze is **DENIED**;

4. That the SEC's request for accountings is **DENIED**;

5. That the SEC's request for expedited discovery is **DENIED**;

6. That the SEC's request for document preservation is **GRANTED**; provided further that, pending determination of **Plaintiff Securities and Exchange Commission's Motion for Preliminary Injunction, Asset Freeze, and Other Equitable Relief** [#17] filed August 22, 2011, defendants Geodynamics, Inc. (f/k/a or d/b/a Geodynamics Exploration, Inc.), and Jeffory D. Shields (a/ka/ Jeffrey D. Shields), and all Relief Defendants, as well as their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are **RESTRAINED** and **ENJOINED** from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the **Complaint** [#1] filed August 15, 2011, or to any communications between or among any

of the defendants; provided, further that as used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents;

7. That a telephonic setting hearing conference **IS SET** for Thursday, **September 8, 2011**, at 10:00 a.m. MDT, with the court's Judicial Assistant, Ms. Susan Schmitz, at (303) 335-2350, to either schedule a hearing on **Plaintiff Securities and Exchange Commission's Motion for Preliminary Injunction, Asset Freeze, and Other Equitable Relief** [#17] filed August 22, 2011, or to advise the court of the status of the matter; provided further that counsel for the plaintiff **SHALL ARRANGE** and **COORDINATE** the conference call necessary to facilitate the setting conference; and

8. That **Defendant Geodynamics, Inc.'s Motion To Strike Declaration of John C. Martin and To Preclude His Testimony** [#20] filed August 24, 2011, is **DENIED**.

Dated August 26, 2011, at Denver, Colorado.

                                      **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge