**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-02121-REB-MJW

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

JEFFORY D. SHIELDS (a/k/a JEFFREY D. SHIELDS) and
GEODYNAMICS, INC. (f/k/a or d/b/a GEODYNAMICS EXPLORATION, INC.),

     Defendants,

And

GEODYNAMICS, INC. JOHNSTON'S CORNER #1 and #2 JOINT VENTURE (d/b/a
GEODYNAMICS EXPLORATION, INC. JOHNSTON'S CORNER 1 & 2),
GEODYNAMICS, INC. HUSKIES #1 JOINT VENTURE (d/b/a HUSKIES NUMBER 1
JOINT VENTURE),
GEODYNAMICS, EXPLORATION, INC. TRUMPETER #1 and #2 JOINT VENTURE
(d/b/a FLORIBAMA-TRUMPETER 1&2 JV; TRUMPETER JV 1&2 – CARBOTEC;
TRUMPETER JV 1&2 – GEODYNAMICS),
GEODYNAMICS, INC. EVDA #1 JOINT VENTURE (d/b/a EVDA JOINT VENTURE),
HUSKIES LEASEHOLD JOINT VENTURE,
FLORIBAMA OIL CORPORATION,
CARBOTEC, INC.,
TRITON ENERGY ASSET MANAGEMENT, INC.,
T.E.A.M. PROPERTY MANAGEMENT, LLC,
S & P ENERGY, LLC,
AURUM ENERGY ASSOCIATES, LLC, and
UNUM, LLC,

     Relief Defendants.

**ORDER FOR JUDGMENT**

The matter before me is **Plaintiff's Unopposed Motion for Entry of Judgment Against Defendant Jeffory D. Shields and To Dismiss Defendant Geodynamics,**

**Inc. And All Relief Defendants** [#96],[1] filed March 13, 2015.  I grant the motion.

The record in this case demonstrates that the court has personal and subject matter jurisdiction.  Mr. Shields has consented to entry of a final judgment in this matter while admitting the factual basis of his plea of guilty in the related criminal case, ***People of the State of Colorado v. Jeffory Shields***, 12-cr-262, (District Court, Douglas County, Colorado) ["related criminal case"].  Mr. Shields has waived the entry of findings of fact and conclusions of law, as well as any right to appeal from the final judgment.

**THEREFORE, IT IS ORDERED** that the clerk of the court shall enter judgment as follows:

1.  That defendant Jeffory D. Shields and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the final judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (codified at 15 U.S.C. § 78j(b)), and Rule 10b-5 promulgated thereunder (codified at 17 C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

---

[1] "[#96]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

  (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

 2. That defendant Jeffory D. Shields and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the final judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (codified at 15 U.S.C. § 77q(a)) in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

 3. That defendant Jeffory D. Shields and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the final judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Section 5(a) and (c) of the Securities Act (codified at 15 U.S.C. § 77e(a) and (c)) by, directly or indirectly, in the absence of any applicable exemption:

  (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such

        security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act (codified at 15 U.S.C. § 77h);

    4. That defendant Jeffory D. Shields and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the final judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act (codified at 15 U.S.C. § 78o(a)) by directly or indirectly acting as a broker or dealer (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) and making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered as provided by law;

5. That defendant Jeffory D. Shields is liable for disgorgement of $4,613,124.97, representing profits gained as a result of the conduct alleged in the Complaint, which is deemed satisfied by the order of restitution and forfeiture in the Judgment entered on August 15, 2014, in the related criminal case; provided, further, that as agreed to by the parties, the court is not imposing a civil penalty in this case in light of the criminal sanctions ordered in the related criminal case against Mr. Shields;

6. That the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that defendant Jeffory D. Shields shall comply with all undertakings and agreements set forth therein;

7. That all pending claims against defendant Geodynamics, Inc., and each and all relief defendants are dismissed;

8. That the court shall retain jurisdiction of this matter for the purposes of enforcing the terms of the final judgment; and

9. That this case is closed.

Dated March 16, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge